**FILED**
VANESSA L. ARMSTRONG, CLERK

AUG 3 0 2018

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                         Plaintiff

v.                                            Criminal Action No. 3:15-cr-00054-RGJ

LEDINSON CHAVEZ                                                  Defendant

\* \* \* \* \*

**JURY INSTRUCTIONS**

1

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the defendant has plead not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells a defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

4

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

7

## CREDIBILITY OF WITNESSES

(1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

8

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

9

(3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

10

## NUMBER OF WITNESSES

(1) One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2) Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

11

## LAWYERS' OBJECTIONS

(1) There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2) The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3) And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## ON OR ABOUT

(1) Next, I want to say a word about the date mentioned in the indictment.

(2) The indictment charges that the crime of Conspiracy to Commit Health Care Fraud (Count 1) began "no later than on or about June 12, 2012," and continued "through on or about November 1, 2014." The indictment charges Health Care Fraud (Count 2) happened "on or about" "and between January 1, 2013, and November 1, 2014." The indictment charges that the crime of Aggravated Identity Theft (Count 13) happened "on or about August 13, 2014." The indictment charges that the crime of Conspiracy to Commit Money Laundering (Count 16) happened "on or about" "June 12, 2012 and continuing through on or about November 1, 2014." The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

13

## INFERRING REQUIRED MENTAL STATE

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

14

## SUMMARIES AND OTHER MATERIALS NOT ADMITTED IN EVIDENCE

During the trial you have seen counsel use summaries, charts, and other similar material which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

## SECONDARY- EVIDENCE SUMMARIES ADMITTED IN EVIDENCE

(1) During the trial you have also seen or heard summary evidence in the form of a chart or similar material. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

(2) But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

16

## DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE

A defendant has an absolute right not to testify. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

17

## TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY OR REDUCED CRIMINAL LIABILITY

You have heard the testimony of Sergio Betancourt. You have heard that he was involved in the same crime that the defendant is charged with committing. You have also heard that the government has promised him that they would seek a reduced sentence, which the Court may or may not grant, in exchange for his cooperation.

It is permissible for the government to make such a promise. But you should consider Sergio Betancourt's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

The fact that Sergio Betancourt has pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

18

## INTRODUCTION

## DEFINITION OF CRIMES

Next, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

19

## SEPARATE CONSIDERATION--SINGLE DEFENDANT

## CHARGED WITH MULTIPLE CRIMES

(1) The defendant has been charged with four counts. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2) Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## INDICTMENT COUNT 2
### Health Care Fraud

The Grand Jury charged Count 2 of the Indictment as follows:

*"On or about and between January 1, 2013, and November 1, 2014, in the Western*

*District of Kentucky, Jefferson County, Kentucky, and elsewhere,* **LEDINSON CHAVEZ,**

*defendant herein, aided and abetted by others, known and unknown to the Grand Jury,*

*knowingly and willfully executed, and attempted to execute, a scheme and artifice to obtain, by*

*means of false or fraudulent pretenses, representations, and promises, money and*

*property owned by and under the custody and control of health care benefit programs, in*

*connection with the delivery of and payment for health care benefits, items, and services,*

*to wit:* **LEDINSON CHAVEZ** *and others, falsely and fraudulently billed United*

*Healthcare for injections and other services never rendered.*

*In violation of Title 18, United States Code, Sections 1347 and 2."*

21

## DEFINITION OF THE CRIME

### Health Care Fraud 18 U.S.C. § 1347

### COUNT 2

1. Count 2 of the indictment charges Ledinson Chavez with health care fraud. For you to find the defendant guilty of health care fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A) First, that the defendant knowingly and willfully executed or attempted to execute a scheme as set forth in the Indictment to defraud any health care benefit program in connection with the delivery of or payment for health care benefits, items, or services.

    (B) Second, that the scheme included a material misrepresentation or concealment of a material fact.

    (C) Third, that the defendant had the intent to defraud.

2. Now I will give you more detailed instructions on some of these terms.

    (A) A "health care benefit program" is any public or private plan or contract, affecting interstate commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract. A health care

22

program affects commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another. The government need only prove that the health care program itself either engaged in interstate commerce or that its activity affected interstate commerce to any degree.

(B) A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

(C) An act is done "knowingly and willfully" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

(D) A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(E) To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself or to another person.

23

(4) The government need not prove that the health care benefit program suffered any financial loss, that the defendant profited from the acts alleged, or that the intended victim of the fraud was actually defrauded.

## GOOD FAITH DEFENSE

## HEALTH CARE FRAUD

## COUNT 2

(A)  The good faith of the defendant is a complete defense to the charge of health care fraud contained in Count 2 of the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

(B)  A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

(C)  A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

(D)  While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(E)  The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case.  It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

(F)  If the evidence in this case leaves you with a reasonable doubt as to whether a defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

25

## HEALTH CARE FRAUD

## COUNT 2

## (18 U.S.C. § 1347)

If you are convinced that the government has proved all of the elements of health care fraud, say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any of the elements, or the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, then you must find the defendant not guilty of this charge.

## DEFINITION OF THE CRIME

### Aiding and Abetting Health Care Fraud– 18 U.S.C. § 2

(1) For you to find Ledinson Chavez guilty of health care fraud as charged in Count 2, it is not necessary for you to find that he personally committed the crime. You may also find the defendant guilty of the crime if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

(2) But for you to find the defendant guilty of health care fraud as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the crime of health care fraud as set forth in Count 2 of the Indictment was committed.

(B) Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

(C) And third, that the defendant intended to help commit or encourage the crime.

(3) Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

27

(4) What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

(5) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of health care fraud as an aider and abettor.

## INDICTMENT COUNT 1

### Conspiracy to Commit Health Care Fraud

The Grand Jury charged Count 1 of the Indictment as follows:

"*Beginning no later than on or about June 12, 2012, and continuing through on or about November 1, 2014, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, CLAUDIA LOPEZ ("LOPEZ"), OSKEL LEZCANO ("LEZCANO"), ARIEL BORREGO-HERNANDEZ ("BORREGO-HERNANDEZ"), SERGIO BETANCOURT ("BETANCOURT"), LEDINSON CHAVEZ ("CHAVEZ") and YURIESKY DIAZ RODRIGUEZ ("DIAZ"), defendants herein, did knowingly combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to knowingly execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, section 24(b), and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.*

*Object of the Conspiracy and the Scheme to Defraud*

2. *It was the object of the conspiracy and scheme to obtain money from a health care benefit program by billing for services, specifically injections, which were never provided.*

29

*Manner and Means of the Conspiracy and the Scheme to Defraud*

3. It was part of the conspiracy that the defendants caused false and fraudulent claims for health care services to be submitted electronically to a health care benefit program. The claims were required to contain the beneficiary's name and unique identification number; the name and unique National Provider Identifier number ("NPI") of the doctor or clinic who ordered or performed the service; the item or service that was provided; the date of service; and the charge for the service.

4. It was further part of the conspiracy that the defendants, and others known and unknown to the Grand Jury, recruited unsuspecting chiropractors for employment in Louisville area chiropractic clinics in order to obtain and use the chiropractor's name and NPI for billing the health care benefit program. The defendants operated and controlled numerous clinics employing multiple chiropractors in the Louisville area. Defendants, and other associates, used the chiropractors' NPIs to credential the chiropractic clinics with various health care benefit providers, including United Health Care Services, Inc. ("United Healthcare").

5. It was further part of the conspiracy that the defendants **LOPEZ, LEZCANO, BORREGO-HERNANDEZ, BETANCOURT, CHAVEZ,** and **DIAZ** recruited employees of Jeffboat, an American Commercial Lines' manufacturing division located in Jeffersonville, Indiana, as patients for the defendants' chiropractic clinics. Jeffboat is self-insured and provides health coverage for its workers. United Healthcare, as a third-party administrator for Jeffboat, processed and paid the health care claims on behalf of Jeflboat.

30

*6. It was further part of the conspiracy that, without the knowledge of the patients or the chiropractors, the defendants, **LOPEZ, LEZCANO, BORREGO-HERNANDEZ, BETANCOURT, CHAVEZ** and **DIAZ,** caused claims to be submitted for injections, which were never provided. The clinics opened and controlled by the defendants submitted false and fraudulent claims to United Healthcare in the amount of approximately $5,000,000 for injections of methocarbomyl, a muscle relaxant, which were never given.*

*7. It was further part of the conspiracy that claims for payment for the injections were submitted to United Healthcare using the patients' names, dates of birth, insurance/policy numbers, addresses, and patient IDs/Social Security Numbers, without the patients' knowledge.*

*8. It was further part of the conspiracy that billing software employed by defendant **LEZCANO** was used to prepare the false and fraudulent billings. Gold Hands Medical Billing Corp. and Gold Hands Billing B, Inc., health care benefit billing companies incorporated and controlled by **LEZCANO,** were used to process the false and fraudulent billings electronically.*

*9. It was further part of the conspiracy that the unique NPI number for each of the chiropractors recruited to provide services at clinics operated and controlled by the defendants were used, without the chiropractor's knowledge, in the false and fraudulent billings for injections submitted by defendants to United Healthcare for payment. As a result of the false and fraudulent claims for injections made by defendants to United Healthcare, Jeffboat suffered a loss of over $1, 100,000.00 for the fraudulent health care billings.*

31

*In violation of Title 18, United States Code, Sections 1347 and 1349*."

## DEFINITION OF THE CRIME

### Conspiracy To Commit Health Care Fraud-18 U.S.C. § 1349

### COUNT 1

(1) Count 1 of the Indictment charges the defendant, Ledinson Chavez, with conspiracy to commit health care fraud as charged in Count 2. It is a crime for two or more persons to conspire, or agree, to commit a crime of health care fraud, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership. For you to find a defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

    i.    First, that two or more persons conspired, or agreed, to commit the crime of health care fraud, as set forth in the Indictment and as defined previously in these instructions; and

    ii.   Second, that the defendant knowingly and voluntarily joined the conspiracy.

(3) Now I will give you more detailed instructions on some of these terms.

    i.    With regard to the first element-a criminal agreement-the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of health care fraud.

33

(1) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of health care fraud. This is essential.

(3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

ii. With regard to the second element-a defendant's connection to the conspiracy-the government must prove that the defendant knowingly and voluntarily joined that agreement.

34

(1) The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

(2) This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(4) The defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

35

(4) Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding. Nor is there any requirement that the names of all of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

(5) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

## INDICTMENT COUNT 13

### Aggravated Identity Theft

The Grand Jury charged Count 13 of the Indictment as follows:

"*On or about the date listed below, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, **LEDINSON CHAVEZ,** defendant herein, and others known and unknown to the Grand Jury, aided and abetted by each other, did knowingly possess, transfer and use the means of identification of another person. including a doctor's name, address, NPI, and social security number, without lawful authority, during and in relation to the Health Care Fraud, charged in Counts 1 and 2:*

| Count | Date | Doctor |
|-------|------|--------|
| 13 | August 13, 2014 | Todd Black |

*In violation of Title 18, United States Code, Sections 1028A(a)(l) and (c)(5) and Section 2.*"

## DEFINITION OF THE CRIME

## Aggravated Identity Theft-18 U.S.C. § 1028A

### COUNT 13

(1)     Count 13 of the Indictment charges Ledinson Chavez with transferring, possessing, or using a means of identification of another person during and in relation to a felony violation charged in Counts 1 and 2.

For you to find Mr. Chavez guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First: That the defendant committed the felony violation charged in Count 1 or 2.

(B) Second: That the defendant knowingly transferred, possessed, or used a means of identification of Todd Black without lawful authority.

(C) Third: That the defendant knew the means of identification belonged to another person.

(D) Fourth: That the transfer, possession, or use was during and in relation to the crime charged in Count 1 or 2.

(2) Now I will give you more detailed instructions on some of these terms.

38

(A) The term "means of identification" is defined as any name or number that may be used to identify a specific individual, including any name, social security number, date of birth, or driver's license.

(B) The term "transfer" includes selecting an identification document and placing or directing the placement of such document on an online location where it is available to others.

(C) The term "possess" includes both "actual possession" and "constructive possession." To establish actual possession, the government must prove that Mr. Chavez had direct, physical control over the identification document, and knew that he had control of it. To establish constructive possession, the government must prove that Mr. Chavez had the right to exercise physical control over the identification document, and knew that he had this right, and that he intended to exercise physical control over the identification document at some time, either directly or through other persons. For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend. But understand that just being present where something is located does not equal possession. The government must prove that Mr. Chavez had actual or constructive possession of the identification document, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

(D) The term "use" means active employment of the means of identification during and in relation to the crime charged in Count 1 or 2. "Active employment" includes activities

such as displaying or bartering. "Use" also includes a person's reference to a means of identification in his possession for the purpose of helping to commit the crime charged in Count 1 or 2.

(E) An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. The government is not required to prove that the defendant knew that his actions violated any particular provision of law, or even knew that his actions violated the law at all. Ignorance of the law is not a defense to this crime.

(F) The phrase "without lawful authority" does not require that the defendant stole the means of identification information from another person but includes the defendant obtaining that information from another person with that person's permission or consent.

(G) The term "during and in relation to" requires that the means of identification have some purpose or effect with respect to the crime charged in Count 1 or 2; in other words, the means of identification must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count 1 or 2, and its presence or involvement cannot be the result of accident or coincidence.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## DEFINITION OF THE CRIME

### Aiding and Abetting Aggravated Identity Theft – 18 U.S.C. § 2

(1) For you to find Ledinson Chavez guilty of aggravated identity theft as charged in Count 13, it is not necessary for you to find that he personally committed the crime. You may also find the defendant guilty of the crime if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

(2) But for you to find the defendant guilty of aggravated identity theft as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the crime of aggravated identity theft was committed.

(B) Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

(C) And third, that the defendant intended to help commit or encourage the crime.

(3) Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

(4) What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

41

(5) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of aggravated identity theft as an aider and abettor.

## INDICTMENT COUNT 16

### Conspiracy to Commit Money Laundering

The Grand Jury charged Count 16 of the Indictment as follows:

"*Beginning no later than on or about June 12, 2012, and continuing through on or about November 1, 2014, in the Western District of Kentucky, Jefferson County, Kentucky, **CLAUDIA LOPEZ, OSKEL LEZCANO, ARIEL BORREGO-HERNANDEZ, SERGIO BETANCOURT, LEDINSON CHAVEZ, and YURIESKY DIAZ RODRIGUEZ,** defendants herein, and others, known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree with each other and with others, known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct financial transactions, knowing that the property involved in the financial transactions represented the proceeds of a specified unlawful activity, that is, health care fraud as described in Counts 1-2 above, and did so knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of a specified unlawful activity, in violation of Title 18 United States Code, Section l 956(a)(l )(B)(i).*

*In violation of Title 18, United States Code, Sections l 956(h) and l 956(a)(l )(B)(i).*"

43

## DEFINITION OF THE CRIME

## Conspiracy To Commit Money Laundering-18 U.S.C. § 1956(h)

## COUNT 16

(1)     Count 16 of the Indictment charges the defendant, Ledinson Chavez, with conspiracy to commit money laundering as set forth in the Indictment. It is a crime for two or more persons to conspire, or agree, to commit a crime of money laundering, even if they never actually achieve their goal.

(2)     A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A)     First, that two or more persons conspired, or agreed, as set forth in the Indictment, to commit the crime of money laundering, as that offense is defined later in these instructions; and

(B)     Second, that the defendant knowingly and voluntarily joined the conspiracy.

(3)     Now I will give you more detailed instructions on some of these terms.

44

(A)    With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of money laundering.

    i.  This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

    ii.  What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of money laundering. This is essential.

    iii.  An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(B) With regard to the second element – the defendant's connection to the conspiracy – the government must prove that the defendant knowingly and voluntarily joined that agreement.

    i. The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

    ii. This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

    iii. But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

    iv. A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But

it is up to the government to convince you that such facts and circumstances existed in this particular case.

(4) Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

(5) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

## CONSPIRACY TO COMMIT MONEY LAUNDERING

### COUNT 16

### Money Laundering- 18 U.S.C. § 1956(a)(1)(B)(i) - Elements

Count 16 of the Indictment charges the defendant, Ledinson Chavez, with conspiracy to commit money laundering. For a defendant to commit the crime of conspiracy to commit money laundering as set forth in the Indictment, you must find that the government has proved beyond a reasonable doubt that two or more persons conspired, or agreed, to commit the crime of money laundering, as that offense is defined and set forth below:

1. First, that the defendant conducted a financial transaction;

2. Second, that the financial transaction involved property that represented the proceeds of health care fraud;

3. Third, that the defendant knew that the property involved in the financial transaction represented the proceeds from the healthcare fraud charged in Counts 1 and 2; and

4. Fourth, that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of health care fraud.

Now, I will give you more detailed instructions on some of these terms.

1. The term "financial transaction" means:

   a. a transaction which in any way or degree affects interstate or foreign commerce and involves:

      i. the movement of funds by wire or other means, or

      ii. one or more monetary instruments, or

iii. the transfer of title to any real property, vehicle, vessel, or aircraft, or

    b. a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

2. The term "financial institution" means includes a commercial bank, a commercial trust company, and a bank insured by the FDIC.

3. The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

4. The word "proceeds" means any property derived from, obtained, or retained, directly or indirectly, through the healthcare fraud charged in Counts 1 and 2, including the gross receipts of such activity.

5. The phrase "knew that the property involved in a financial transaction represents the proceeds from the healthcare fraud charged in Counts 1 and 2" means that the defendant knew the property involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes the healthcare fraud charged in Counts 1 and 2. The government does not have to prove the defendant knew the property involved represented proceeds of a felony as long as he knew the property involved represented proceeds of some form of the healthcare fraud charged in Counts 1 and 2.

## DEFENSE THEORY

That concludes the part of my instructions explaining the elements of the crime. Next I will explain the defendant's position. The defense theory is that Ledinson Chavez did not know that false bills for injections were being submitted to United Healthcare.

## DELIBERATIONS AND VERDICT

## INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience for each count.

You will take the verdict forms to the jury room when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and notify the Courtroom Security Officer.

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                    Plaintiff

v.                                                       Criminal Action No. 3:15-cr-54-RGH

LEDINSON CHAVEZ                                                            Defendant

* * * * *

## **VERDICT FORM**

We, the jury, find Ledinson Chavez:

As to Count 2, Health Care Fraud:

     GUILTY_____                    NOT GUILTY_____

As to Count 1, Conspiracy to Commit Health Care Fraud:

     GUILTY_____                    NOT GUILTY_____

As to Count 13, Aggravated Identity Theft:

     GUILTY_____                    NOT GUILTY_____

As to Count 16, Conspiracy to Commit Money Laundering:

     GUILTY_____                    NOT GUILTY_____


_____        _____

Foreperson                                                  Juror No.


Date: _____